**Anthony M. WONG; Chung C. Wong, dba Rotary Grocery, Plaintiffs–Appellees,**

**v.**

**UNITED STATES of America, Defendant–Appellant.**

**No. 86–4303.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 1988.*

Decided Oct. 12, 1988.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a); Circuit Rule 34–4.

**130**

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., W. Gene S. Anderson, U.S. Atty., Seattle, Wash., John F. Cordes, Susan Sleater, Dept. of Justice, Washington, D.C., for defendant-appellant.

J. Grahame Bell, Kirk W. Jones, Puget Sound Legal Clinics, Seattle, Wash., for plaintiffs-appellees.

Before FLETCHER, PREGERSON and CANBY, Circuit Judges.

PER CURIAM:

The United States appeals the district court's judgment overturning a sanction imposed by the Food and Nutrition Service (FNS).[1] The sanction was imposed upon Anthony M. Wong and Chung C. Wong for violating the Food Stamp Act by selling ineligible items in exchange for food stamps. The United States contends (1) that the district court erred in reviewing the sanction imposed by the FNS de novo, rather than under an arbitrary and capricious standard; and (2) that the FNS-imposed sanction was neither arbitrary or capricious. We affirm the district court.

## FACTS

Anthony M. Wong and his father, Chung C. Wong, own and operate Rotary Grocery, a retail store in Seattle, Washington. The Wongs were authorized to accept food stamps at their grocery in accordance with the Food Stamp Program which is operated by the Food and Nutrition Service (FNS) on behalf of the Department of Agriculture. Because of the grocery's high rate of food

---

**1.** The Food and Nutrition Service administers the Food Stamp Program on behalf of the De- partment of Agriculture. *See* 7 C.F.R. 271.3(a).

stamp redemption, the FNS suspected that the grocery was violating the Food Stamp Act by selling non-eligible items in exchange for food stamps. The FNS warned the Wongs that it believed violations were occurring which could cause disqualification from the Food Stamp Program.

The FNS sent an investigator to the Rotary Grocery to attempt to purchase non-eligible items with food stamps. In four out of five attempts over a three month period, he purchased 12 ineligible items, including three six-packs of beer.[2] Following the investigation, the FNS determined that the Wongs had violated the Food Stamp Act and imposed a $23,340 civil money penalty in lieu of disqualification for 5 years. A Food Stamp Review Officer reduced the sanction to a $14,004 civil money penalty in lieu of three years disqualification.[3]

The Wongs sought judicial review of the FNS decision. Following a trial de novo, the district court, based upon a preponderance of the evidence introduced at trial, found that the market sold non-eligible items in exchange for food stamps, but that these violations were caused by the carelessness of grocery clerks and were not "firm practice"; the district court overturned the sanction imposed by the FNS and substituted a civil money penalty of $2,334 in lieu of six months disqualification. The United States filed a timely appeal.

### DISCUSSION

#### I. *Standard of Review*

This court reviews the district court's legal conclusions de novo, and reviews the district court's factual findings for clear error. *See United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc),

cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Review of the sanction imposed by the FNS is under the arbitrary and capricious standard. *See Banh v. United States*, 814 F.2d 1358, 1363 (9th Cir.1987); *Plaid Pantry Stores, Inc. v. United States*, 799 F.2d 560, 561 (9th Cir. 1986) (per curiam); *Bertrand v. United States*, 726 F.2d 518, 520 (9th Cir.1984).

#### II. *Procedural Contentions*

The Wongs argue that this appeal is premature because their post-judgment motion for attorney's fees is still pending before the district court. This argument fails. An attorney's fees request is collateral to the main action. A judgment on the merits is final and appealable even though a request for attorney's fees remains unresolved. *See International Ass'n of Bridge, Structural, Ornamental and Reinforcing Ironworkers Local Union 75 v. Madison Industries, Inc.*, 733 F.2d 656, 659 (9th Cir.1984).

The Wongs further contend that this appeal should be dismissed because the government failed to designate the Notice of Appeal, the Motion to Amend the Judgment and the supporting memorandum as part of the Record on Appeal. This contention lacks merit. The Notice of Appeal is included in the United States' Excerpt of Record, as required by 9th Cir. R. 30–1.2. The United States has also submitted the Motion to Amend the Judgment and the memorandum in support of that motion to this court. The submission of all three documents to this court cured any possible prejudice caused by the government's failure to designate these documents as part of the Record on Appeal.[4]

---

2. On the first visit, Assistant Manager Chuck Donahue refused to accept food stamps for non-eligible items. However, on the other four visits, three different clerks at the Rotary Grocery sold non-eligible items to Hustead in exchange for food stamps. One of these clerks was co-owner Chung C. Wong.

3. The Review Officer found that, though it was Rotary Grocery's "firm practice" to sell non-eligible items in exchange for food stamps, the grocery did not make a "firm practice" of selling

*major* non-eligible items (e.g., alcohol and cigarettes) for food stamps. (AR at 218.)

4. Under the current Ninth Circuit rules, the appellant is no longer required to designate the Record on Appeal or to arrange for transmission of any part of the District Court Clerk's Record to the Court of Appeals. The Clerk's Record is retained by the district court unless requested by this court. (9th Cir.R. 11–4.1.)

III. *Review of Sanctions*

A. The District Court's Standard of Review

The United States contends that the district court erroneously reviewed the propriety of the FNS-imposed sanction de novo, rather than under an arbitrary and capricious standard. This contention fails, because the United States fails to distinguish between the district court's de novo review of the facts upon which the sanction is predicated and review of the sanction, itself.

In determining the validity of the FNS action, the Food Stamp Act provides that the district court's review "shall be a trial de novo." 7 U.S.C. § 2023(a). However, this court requires the district court to apply a bifurcated standard of review. Whereas the FNS finding that a firm violated the Food Stamp Act is reviewed de novo, review of the sanction imposed by the FNS is governed by the arbitrary and capricious standard. *See Banh v. United States,* 814 F.2d 1358, 1363 (9th Cir.1987); *Plaid Pantry Stores, Inc. v. United States,* 799 F.2d 560, 561 (9th Cir.1986) (per curiam); *Bertrand v. United States,* 726 F.2d 518, 520 (9th Cir.1984). Once the district court finds that violations were committed, it may not overturn the sanction unless it finds that the sanction was arbitrary and capricious. *Banh v. United States,* 814 F.2d at 1363; *Bertrand v. United States,* 726 F.2d at 520.[5]

In the instant case, the district court reviewed all of the administrative findings de novo, took new evidence, and by a preponderance of the evidence found: (1) that Rotary Grocery clerks violated the Food Stamp Act by selling non-eligible items for food stamps; (2) that it was not the grocery's practice or policy to sell non-eligible items for food stamps; and (3) that clerical personnel committed these violations through carelessness. Based on these findings, the court held that the appropriate sanction was a civil money penalty of $2,334.00 in lieu of six months disqualification.

The United States contends the district court incorrectly reviewed de novo whether or not the store had a practice of violations. Because the question of store practice is relevant only to the determination of sanctions (and is defined under the FNS sanction guidelines), the United States maintains it should have been reviewed under the arbitrary and capricious standard. We disagree.

Under the arbitrary and capricious standard, the court examines "the sanction imposed by the FNS in light of the administrative record to judge whether the agency properly applied the regulations [and] to determine whether the sanction is 'unwarranted in law ... or without justification in fact' (citation omitted)." *Plaid Pantry,* 799 F.2d at 563. Firm practice is essentially a question of fact that must be determined before a finding can be made as to whether the sanction imposed was without justification. As such, it is subject to de novo determination by the district court.

B. Propriety of the Sanction Imposed

The United States contends the district court erred in decreasing the FNS sanction because the decision to impose a $14,004 civil money penalty in lieu of three years disqualification was neither arbitrary nor capricious. This contention fails.

Detailed statutory and regulatory provisions guide the agency's exercise of discretion in imposing penalties for food stamp violations. The Food Stamp Act provides that a first time violator shall be disqualified for a reasonable period of time, no

---

5. The legislative history of 7 U.S.C. § 2023 provides in pertinent part:

> ... [T]he Committee does not intend that, in the trial de novo ... the sanction or period of disqualification imposed would itself be subject to judicial review ... The trial de novo ... should be limited to a determination of the validity of the administrative action, but not of the severity of the sanction. Review of the factual determination that a violation occurred is normal grist for the courts; review of the length of highly discretionary a [sic] sentence of disqualification is not.

H.R.Rep. No. 464, 95th Cong., 1st Sess. 397–98; *reprinted in* 1977 U.S. Code Cong. & Admin. News 1704, 1978, 2326–27.

less than six months and no more than five years. 7 U.S.C. § 2021(b).

█ FNS regulations designate specific penalties for stores that violate the Food Stamp Act by selling ineligible items. The length of disqualification is based on: (1) whether the store has been previously warned of possible violations; (2) whether the charged violations indicate firm practice or result from the carelessness of clerical personnel; and (3) the type of ineligible items sold. *See* 7 C.F.R. 278.6(e).[6] A firm's practice is defined as the usual manner in which personnel of a firm or store accept food coupons as shown by the actions of the personnel at the time of the investigation. 7 C.F.R. § 278.6(e)(3). In determining whether charged violations constitute firm practice, the FNS follows guidelines set forth in FNS Instruction 744–9, and considers whether there have been at least four unlawful sales involving two or more clerks.[7]

█ In this case, the inspectors observed four transactions where stamps were accepted for ineligible items. Four violations generally would indicate a firm practice of violations under FNS guidelines. However, the district court reviewed the evidence de novo and concluded that there was insufficient evidence to uphold the agency's finding that the Rotary Grocery had a firm practice of selling ineligible items for food stamps. The court considered that two of the prohibited transactions were made by a probationary employee, whose actions are considerably less indicative of usual store practice than would be those of a longterm employee. One of the violations was by an employee who had refused to accept food-stamps for ineligible items in a previous investigation, and who testified that it was not her normal practice to do so. The court found this testimony credible. The court also found credible Anthony Wong's testimony that he regularly observed the cashiers and that it was not store practice to make prohibited sales. Additionally, the court noted that the assistant manager of the store had refused to sell ineligible items when approached by an FNS investigator. Taking this evidence as a whole, we find that there was no clear error in the district court's finding that the violative transactions were made due to carelessness rather than store practice.

Upon determining that the Rotary Grocery did not have a firm practice of violations, the district court reduced the penalty to $2,334.00 in lieu of a six month disqualification. Because the court found that the violations were due to carelessness, rather than store practice, imposition of a $14,004.00 fine in lieu of a three year disqualification would be "unwarranted in law" and therefore arbitrary and capricious. *Plaid Pantry*, 799 F.2d at 563. When a firm's violations are caused by carelessness or

---

6. 7 C.F.R. § 278.6(e)(2) provides for a five year disqualification where the firm has been previously warned of possible violations and the firm's practice is to sell expensive or conspicuous non-food items (e.g. cigarettes or alcoholic beverages). Subsection 3 prescribes a three year disqualification if the firm has been warned and the firm's practice is to sell common nonfood items in amounts normally found in a shopping basket. Subsection 4 provides for a one year disqualification where management is involved in the violations but was not previously warned of the possibility that violations were occurring. Subsection 5 permits a six month disqualification where the violations were caused by the carelessness of clerical personnel and were not firm practice.

7. Section VI(B) of the instruction provides in part:

1. *Reasons for violations.* In addition to examining the type and extent of violations that occur, regional and field office personnel shall also examine the reasons for violations revealed by an investigation. This may be done by considering the operating practice of the firm. As a general rule, violations shall be attributed to a deliberate disregard of the regulations, as opposed to carelessness or poor supervision, when there has been a minimum of four clearly violative transactions involving ineligible items, and any or all of the following persons took an active part in those violations:

\* \* \* \* \* \*

3. *Two or more clerks* who sell common grocery-type or major non-grocery-type ineligible items without refusal during the course of the investigation when there is a record of previous compliance action which documents that the owner or appropriate store official had been cautioned about the possibility of violations occurring in the store and the consequence of being found violating.

poor supervision, the sanction provided by the regulations is a six month disqualification or a corresponding civil fine. See 7 C.F.R. sec. 278.6(e)(2). The district court therefore properly reduced the sanction to a civil penalty of $2,334.00 in lieu of a six month disqualification. Since the sanction is specified in the regulation, the district court could impose the proper sanction without remand to the agency.

## CONCLUSION

The district court's order vacating the $14,004 penalty imposed by the FNS and imposing a lesser sanction is affirmed.