**Michael S. JONNA, Plaintiff—Appellant,**

v.

**UNITED STATES of America; United States Department of Agriculture, Defendants—Appellees.**

No. 04–56127.

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2006.*

Decided May 31, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ralph B. Saltsman, Esq., Solomon, Saltsman & Jamieson, Playa Del Rey, CA, for Plaintiff–Appellant.

Carol C. Lam, AUSA, Office of the U.S. Attorney, San Diego, CA, for Defendants–Appellees.

Before: FARRIS and THOMAS, Circuit Judges, and SCHIAVELLI,** District Judge.

## MEMORANDUM ***

Michael S. Jonna and his wife Bushra Pairos Jonna (collectively "Jonna") appeal the district court's grant of summary judgment. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here. We review the district court's grant of summary judgment to the government *de novo*, but, like the district court, review the agency's penalty determination (since the underlying violations are undisputed) under the arbitrary and capricious standard. *Wong v. United States,* 859 F.2d 129, 131–32 (9th Cir.1988). We affirm.

■ Jonna challenges the United States Department of Agriculture Food and Nutrition Service's ("FNS") permanent disqualification of Jonna's grocery store, Jaycee's Market, from participation in the agency's food stamp program. Jonna admits that food stamp trafficking violations occurred at the store, but claims that the agency improperly refused to allow Jonna to pay a civil money penalty, instead of being permanently disqualified from the program.

The ordinary penalty for food stamp trafficking violations, even on a first offense, is the offending store's permanent disqualification from the food stamp program. 7 U.S.C. § 2021(b)(3)(B). However, the statute gives the agency "the discretion to impose a civil money penalty . . . in lieu of [permanent] disqualification . . . if the Secretary determines that there is

---

** The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

substantial evidence that [the store] had an effective policy and program in effect to prevent violations of the [food stamp laws] and the regulations." *Id.* The regulations implementing the statute provide a wealth of additional instruction, including specific criteria that stores must satisfy and standards for evaluating those criteria. *See* 7 C.F.R. § 278.6(i).

To be eligible for a civil money penalty, a store must submit to FNS "substantial evidence which demonstrates that the firm had established and implemented an effective compliance policy and program to prevent violations of the [food stamp] Program," and that satisfies four specific criteria. Because Jonna has plainly failed to submit evidence satisfying at least one of those criteria, denial of a civil money penalty was proper under the regulations. The third criterion stated in the regulations requires a store to show that it "had developed and instituted an effective personnel training program as specified in § 278.6(i)(2)." 7 C.F.R. § 278.6(i). The compliance training standards set forth in 7 C.F.R. § 278.6(i)(2), in turn, require submission of several specific types of documentation, including "contemporaneous documentation of the participation of the violating employee(s) in initial and any follow-up training held prior to the violation(s)." *Id.* This provision is clearly mandatory—it requires that the store "shall ... document"—and requires more than the evidence Jonna submitted here, which included no pre-violation documentation whatsoever.

Jonna also argues that FNS arbitrarily and capriciously refused to consider evidence submitted to the agency in December 2003, and that the denial of a civil money penalty must be reversed on that ground. However, Jonna misreads the agency's final decision letter of January 15, 2004. In fact, a straightforward reading of the letter indicates that, although the agency considered all the evidence submitted, the evidence was inadequate to support a civil money penalty.

Finally, Jonna challenges the district court's refusal to grant declaratory relief on the claim that the food stamp regulations provide inadequate notice of what "substantial evidence" is required to support a civil money penalty. However, the regulations do not simply require "substantial evidence." They define at length precisely what the evidence must prove, and provide enough guidance for a reasonable reader to know what types of evidence are required. *See* 7 C.F.R. § 278.6(i). Although some portions of the regulations could be more clear, the regulations as a whole plainly require contemporaneous documentation of training, at least as to the particular employees committing violations, and some written and dated documentation of training and compliance policies.

**AFFIRMED.**