**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEE LEE, DBA Chin's Market and Kitchen, | No. 13-15434 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00881-AWI-SAB |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Kee Lee, DBA Chin's Market and Kitchen, appeals pro se from the district

court's summary judgment in his 7 U.S.C. § 2023 action seeking judicial review of

the United States Department of Agriculture Food and Nutrition Service's ("FNS")

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

final decision permanently disqualifying his store from participating in the federal food stamp program. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's legal conclusions and for clear error its factual findings. *Wong v. United States*, 859 F.2d 129, 131 (9th Cir. 1988). We affirm.

The district court properly granted summary judgment because Lee failed to raise a genuine dispute of material fact as to whether the hundreds of suspicious transactions identified by FNS did not show that Lee was trafficking in food stamps. *See* 7 U.S.C. § 2021(b)(3)(B) (providing for permanent disqualification from participation in the federal food stamp program on the first occasion of trafficking); 7 C.F.R. § 271.2 (defining trafficking as "[t]he buying, selling, stealing, or otherwise effecting an exchange of [food stamp] benefits issued and accessed . . . for cash or consideration other than eligible food . . . ."); *see also Kim v. United States*, 121 F.3d 1269, 1272 (9th Cir. 1997) ("The burden is placed upon the store owner to prove by a preponderance of the evidence that the violations did not occur.").

**AFFIRMED.**