**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUN 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOANDARK KASSAB, | No. 19-55621 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00399-DMS-NLS |
| and | |
| MR. D'S LIQUOR AND DELI, INC., a California corporation, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted June 15, 2022**

Before:    SILVERMAN, WATFORD, and FORREST, Circuit Judges.

Joandark Kassab appeals pro se from the district court's summary judgment

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in her action seeking judicial review of the United States Department of Agriculture Food and Nutrition Service's ("FNS") final decision imposing a civil penalty following Kassab's sale of a store that had previously been disqualified from participating in the federal food stamp program. We review de novo the district court's legal conclusions and for clear error its factual findings. *Wong v. United States*, 859 F.2d 129, 131 (9th Cir. 1988). We affirm.

The district court properly granted summary judgment because Kassab failed to raise a genuine dispute of material fact as to whether she was allowed to sell her store without penalty after it was permanently disqualified for trafficking in Supplemental Nutrition Assistance Program ("SNAP") benefits. *See* 7 U.S.C. § 2021(e)(1) (a person who sells or otherwise transfers ownership of a store that has been disqualified from participating in the SNAP program "shall be subjected to a civil penalty in an amount established by the Secretary"); 7 C.F.R. § 278.6(g) (method by which FNS determines amount of civil penalties for transfer of ownership); *see also Kim v. United States*, 121 F.3d 1269, 1273 (9th Cir. 1997) (holding that under the Food Stamp Act "even innocent owners" may be disqualified permanently for trafficking violations).

The district court did not abuse its discretion in denying Kassab's motion for reconsideration because Kassab failed to establish any basis for such relief. *See Sch. Dist. No. 1J Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63

(9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

Kassab is not entitled to reversal of the district court's summary judgment based on her claims of ineffective assistance of counsel. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) ("Generally, a plaintiff in a civil case has no right to effective assistance of counsel.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**