15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Barbara J. JELKS, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General; and USPS, Defendants-Appellees.
 No. 93-15834.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 6, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barbara J. Jelks appeals pro se the district court's summary judgment in favor of the Postmaster General and the United States Postal Service (collectively the "defendants") in Jelks's employment discrimination action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991), and affirm.
 
 
 3
 Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). To avoid summary judgment, the nonmoving party must make "a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 4
 Jelks contends that defendants withdrew their offer of employment in retaliation for her filing a successful complaint with the Equal Employment Opportunity Commission ("EEOC"). This contention lacks merit.
 
 
 5
 To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in protected activity; (2) she was subsequently subjected to an adverse personnel action; and (3) a causal link exists between the two. See Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir.1982). Here, the undisputed facts establish the first two elements. Jelks failed to establish the third element, however.
 
 
 6
 It is undisputed that defendants offered Jelks a position in an effort to comply with a 1989 EEOC order which, in addition to awarding Jelks back pay, directed defendants to offer Jelks employment. It is also undisputed that neither the EEOC's order nor the defendants' decision adopting the EEOC's order made payment of the back pay award a prerequisite to Jelks's employment.
 
 
 7
 Jelks nevertheless attempted to condition her acceptance of defendants' offer on their payment of the back pay award. Defendants rejected this condition and repeatedly told Jelks to report for duty on April 20, 1990. Defendants also informed Jelks that she risked withdrawal of her job offer if she failed to report. On April 20, Jelks did not report because she had not yet received her back pay award. Defendants subsequently withdrew their employment offer.
 
 
 8
 The undisputed facts thus show that defendants withdrew their employment offer because Jelks failed to report for duty as directed and not because Jelks had succeeded on her prior EEO complaint. We therefore conclude that Jelks failed to establish a prima facie case of retaliation, see Cohen, 686 F.2d at 796, and that the district court properly granted summary judgment in favor of defendants on Jelks's retaliation claim, see Celotex Corp., 477 U.S. at 322.[1]
 
 
 9
 Jelks also contends that defendants failed to comply with the EEOC's 1989 order. This contention lacks merit.
 
 
 10
 It is undisputed that defendants offered Jelks employment in response to the EEOC's order. It is also undisputed that (1) defendants were not responsible for issuing Jelks's back pay check; (2) the office responsible for issuing the check requested further information from defendants at least twice, thus delaying processing of the check; and (3) Jelks received her back pay award in August 1990. As we stated above, defendants' payment of the back pay award was not a prerequisite to Jelks's acceptance of the employment offer. Thus, the fact that Jelks had not received her back pay by the time she was required to report for duty does not show that defendants failed to comply with the EEOC's order. Because Jelks did not present any other evidence to support her noncompliance claim, the district court properly granted summary judgment on this issue. See id.[2]
 
 
 11
 In her brief on appeal, Jelks appears to contend her attorney below was incompetent. Even if this is true, reversal of the district court's judgment is not warranted. See Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam) (stating general rule that plaintiff in civil case "has no right to effective assistance of counsel").
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For the first time on appeal, Jelks cites a number of actions taken by the defendants' that allegedly show retaliation. In district court, Jelks, who was then represented by counsel, did not cite any of these actions as bases for her retaliation claim. We therefore decline to consider them. See Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1477 (9th Cir.1989)
 
 
 [2]
 Again for the first time on appeal, Jelks contends defendants failed to pay her front pay award. We decline to consider this contention. See Green, 883 F.2d at 1477