142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodney L. JONES, Plaintiff-Appellant,
v.
Dan GLICKMAN, Secretary of United States Department of
Agriculture, Defendant-Appellee.
 No. 97-15206.
D.C. No. CV-95-01563-GEB/PAN.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the Eastern District of California, Garland E. Burrell, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rodney L. Jones appeals pro se the district court's summary judgment for defendant in Jones's action alleging harassment, discrimination, constructive discharge, and retaliation on account of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), and we affirm.
 
 
 3
 By not contacting an Equal Employment Opportunity counselor within 45 days of the allegedly discriminatory action, see 29 C.F.R. § 1614.105(a)(1), Jones failed to properly exhaust his administrative remedies, see 42 U.S.C. § 2000e-16; Brown v. General Servs. Admin., 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The district court properly found that there was no reason to equitably toll the 45-day period, see Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), and that equitable estoppel did not apply, see Watkins v. United States Army, 875 F.2d 699, 706-07 (9th Cir.1980) (en banc).
 
 
 4
 We construe Jones's contentions that he was not represented in good faith, not provided factual material to win, had no communication with his former attorney, and was never sent or informed on any procedures, as a claim of ineffective assistance of counsel. As such, we reject this claim. See Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam) (holding that in a civil case, where counsel is not required, there is no right to effective assistance). Jones's motion of May 16, 1997, requesting that this court review his access to his personnel file is denied.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3