Rev. Kinnith R. NICHOLSON,
Plaintiff-Appellant,

v.

Ruth L. RUSHEN, et al.,
Defendants-Appellees.

No. 83–2180.

United States Court of Appeals,
Ninth Circuit.

Submitted June 20, 1985 *.

Decided Aug. 9, 1985.

As Amended Sept. 30, 1985.

Rev. Kinnith R. Nicholson, pro se.

William B. Mayfield, San Jose, Cal., for defendants-appellees.

Before WALLACE, SKOPIL and FLETCHER, Circuit Judges.

PER CURIAM:

Nicholson appeals a judgment on a jury verdict in favor of defendants on his § 1983 claim. We affirm.

Nicholson brought suit claiming that two San Jose policemen used excessive and unreasonable force in arresting him and escorting him from a hospital to their police car. He contends on appeal that certain witnesses lied, that his court-appointed counsel was ineffective, and that the magistrate improperly excluded tape-recorded

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a); 9th Cir.R. 3(f).

testimony of a witness who died before trial.

First, Nicholson's assertions that witnesses committed perjury do not entitle him to a new trial. Nicholson makes no claim of circumstances that were not before the jury. The credibility of witnesses and the weight of the evidence are issues for the jury and are not subject to appellate review. *United States v. Rodriguez*, 546 F.2d 302, 306 (9th Cir.1976); *United States v. Hopkins*, 486 F.2d 360, 362 (9th Cir. 1973).

Nicholson's claim of ineffective assistance of counsel is similarly unavailing. Generally, a plaintiff in a civil case has no right to effective assistance of counsel. *See Wolfolk v. Rivera*, 729 F.2d 1114, 1119–20 (7th Cir.1984); *Mekdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522–23 (11th Cir.1983); *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 408 (3d Cir.1980); *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980). This rule is based on the presumption that, unless the indigent litigant may lose his physical liberty if he loses the litigation, there is generally no right to counsel in a civil case. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). Although under certain circumstances due process concerns may rebut the presumption against the necessity of appointed counsel and consequently may give rise to a right to the effective assistance of such counsel, *Lassiter, supra*, at 27–32, 101 S.Ct. at 2159–62, there are no circumstances sufficient to trigger such a due process requirement in this case. When, as here, counsel is not required, there is no right to effective assistance despite the fact that a litigant's counsel is court-appointed. *See Wolfolk*, 729 F.2d at 1119–20; *Watson*, 619 F.2d at 775–76. Because Nicholson has no constitutional right to effective assistance of counsel in this case, his claim of ineffective assistance must fail.

Finally, the magistrate properly excluded the tape as hearsay. The tape does not fall within any of the specific hearsay exceptions and Nicholson failed to demonstrate that it had "circumstantial guaran-

tees of trustworthiness," so as to qualify it for admission under Fed.R.Evid. 804(b)(5). The magistrate did not therefore abuse his discretion in excluding the tape from evidence.

The judgment is AFFIRMED.