991 F.2d 804
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Ronald David EDWARDS, aka: Ronald Edwards, Defendant-Appellant
 No. 91-50843.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1993.*
Decided April 15, 1993.
 
 Before FARRIS, NORRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald David Edwards appeals his convictions for armed bank robbery and use of a firearm during the commission of a crime of violence. He argues that the evidence was insufficient to sustain his convictions and that the district court erred in the supplemental jury instructions it gave in response to a jury inquiry. We affirm.
 
 
 3
 * We review the sufficiency of the evidence to support a criminal conviction by asking "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (citation omitted).
 
 
 4
 Appellant argues that no rational trier of fact could have concluded that the appellant committed the robbery because the witness identifications of the appellant as the bank robber were not credible. Jury determinations of witness credibility are generally unreviewable on appeal. See United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989); Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985). We see no reason to deviate from that general rule here. Since appellant's sufficiency challenge rests entirely on his view that the witnesses were not credible, we hold that the evidence was sufficient to sustain appellant's convictions.
 
 II
 
 5
 Appellant also argues that the district court erred in the jury instructions it gave in response to a jury inquiry. During jury deliberations, a jury note was delivered to the court, stating: "Does the field identification of suspects have the credence that the Miranda [sic ]?" The juror who raised the question told the court that he was concerned about the fact that the police had failed to follow a police procedure which requires officers conducting a field show-up identification to make sure that witnesses not view suspects at the same time that victims view suspects. The court gave a supplemental jury instruction in response to the jury note. Appellant argues that the court's response was inadequate.
 
 
 6
 Supplemental jury instructions made in response to jury inquiries are reviewed for abuse of discretion. United States v. Solomon, 825 F.2d 1292, 1295 (9th Cir.1987), cert. denied, 484 U.S. 1046 (1988) (citation omitted). This court has explained the trial court's responsibility in responding to a jury inquiry as follows:
 
 
 7
 Supplemental instructions which are given by a trial court in response to jury inquiries are held to a similar [abuse of discretion] standard. Although the trial court is obliged to "eliminate confusion when a jury asks for clarification of a particular issue," the "necessity, extent and character" of supplemental instructions, lies within the discretion of the trial court.
 
 
 8
 Id.
 
 
 9
 Here, the court responded to the jury note by advising the jury that any failure to follow the required field identification procedure would not have the same consequences as a failure to follow Miranda requirements. The court informed the jurors that they could consider the fact that the required field identification was not followed in making their decision on whether or not the defendant was positively identified. The court gave the following instruction:
 
 
 10
 There is nothing in this case about Miranda. Miranda is totally irrelevant to this case and the failure, if you so find, and that is up to you, to follow that procedure, if that is what you find, is not of the same consequence as you have come to popularly associate with the Miranda warning.... On the other hand, you can consider all aspects of the procedure and whatever else occurred at the field identification in making your decision as to whether or not the defendant was identified. In other words, you can consider all the factors that were brought out during the trial.
 
 
 11
 And you will recall during cross examination the effort on the part of defendant was to point out that certain procedures weren't followed. If you find these procedures weren't followed, that shouldn't end your inquiry. In other words, you should still, it isn't like Miranda, it doesn't stop at that point. You should still consider all the factors that you would normally consider in making a determination. But, the fact that the warnings weren't followed may be one of the factors that you want to consider among all the factors.
 
 
 12
 This instruction, along with other instructions given by the court, apprised the jury of the law regarding the credibility determination. The instruction responded adequately to the jury inquiry. Appellant, however, argues that the court should have specifically mentioned the name of the officer who conducted the field identification and advised the jurors that they could take that officer's actions relating to the field identification into account. The district court's refusal to adopt the defendant's proposed language did not constitute an abuse of discretion. See United States v. Felix-Gutierrez, 940 F.2d 1200, 1211 (9th Cir.1991).
 
 
 13
 The convictions are AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3