116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chelle BARBOUR, Plaintiff-Appellant,
v.
DORNA SPORTS USA, Defendant-Appellee.
 No. 96-55443.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
June 19, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-93-03967-RG; Richard A. Gadbois, Jr., District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chelle Barbour appeals pro se the district court's judgment, following a bench trial, in favor of defendant Dorna Sports USA in Barbour's diversity action alleging employment discrimination and other state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's findings of fact for clear error and conclusions of law de novo. See Magnuson v. Video Yesteryear, 85 F.3d 1424, 1427 (9th Cir.1996). We affirm.
 
 
 3
 Barbour contends that the district court clearly erred by failing to consider evidence that (1) Barbour's termination was based upon mixed motives or a result of disparate impact; (2) rebutted the testimony of Alan Fields; and (3) indicated an increase in personnel in contradiction to the defendant's defense of a reduction in force. These contentions lack merit.
 
 
 4
 The district court did not clearly err by finding that the defendant terminated Barbour for economic reasons and not on account of her race or gender. See Heard v. Lockheed Missiles & Space Co., 52 Cal.Rptr.2d 620, 627 (Cal.Ct.App.1996) (mixed motive); Clark v. Claremont Univ. Ctr. & Graduate Sch., 8 Cal.Rptr.2d 151, 162 n. 3 (Cal.Ct.App.1992) (disparate impact). We conclude that the district court did not clearly err by failing to find Fields's testimony inconsistent. See Magnuson, 85 F.3d at 1427. We also conclude that the district court did not clearly err by failing to find that the increase in personnel in a Chicago office proved that the reduction-in-force defense was pretextual. See id.
 
 
 5
 Barbour contends that the district court clearly erred by failing to award punitive damages for emotional distress. This contention lacks merit because Barbour failed to show that her emotional distress stemmed from the defendant's outrageous conduct. See Soldinger v. Northwest Airlines, Inc., 58 Cal.Rptr.2d 747, 766 (Cal.Ct.App.1996).
 
 
 6
 Finally, Barbour contends that she was denied effective assistance of counsel because her counsel did not request a jury trial. A plaintiff in a civil case generally has no federal constitutional right to effective assistance of counsel. See Nicholson v. Rushen, 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3