David Q. WEBB, Plaintiff—Appellant,

v.

Darrin SLOAN; Robert Guimont; Rod Banister; Carson City; and Does 1–10 inclusive, Defendants—Appellees.

No. 01–16969.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Resubmitted April 21, 2003.

Decided May 29, 2003.

Before: KOZINSKI, GRABER, and BERZON, Circuit Judges.

### MEMORANDUM **

Plaintiff David Q. Webb obtained an $80,000 jury verdict in this civil rights action against Carson City, Nevada, after he was prosecuted without probable cause for obstruction of justice. Defendant Carson City appealed in case No. 01–16855; Plaintiff cross-appealed, filing a pro se brief that alleges 12 claims of error. We resolved Carson City's claims in a separate published opinion.

Plaintiff's first claim alleges unlawful arrest. Construing this allegation either as a challenge to the jury's verdict in favor of Deputy Sloan, or as a challenge to the district court's ruling on the Rule 50(a) motion in favor of Carson City, it must fail.

Plaintiff's version of the arrest and Deputy Sloan's version of the arrest conflicted. The jury accepted Deputy Sloan's version of events, which was supported by substantial evidence. *See Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir.1997) (stating standard of review).

Similarly, the district court correctly granted the Rule 50(a) motion on behalf of Carson City on the theory that municipal liability could not attach for the isolated action of a police officer in the field. Plaintiff presented no evidence to show

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

that street patrol officers are final policy-makers for the municipality. The district court's directed verdict was proper because no reasonable jury could have found for Plaintiff with respect to that issue. *See Montiel v. City of L.A.*, 2 F.3d 335, 342 (9th Cir.1993) (stating standard of review).

The next claim of error is that Defendants falsely imprisoned Plaintiff despite their knowledge of the true suspect. This claim cannot support reversal, because Plaintiff prevailed on this claim at trial.

Next, Plaintiff argues about intentional infliction of emotional distress. Plaintiff conceded below that Defendants were entitled to judgment as a matter of law on this issue. Therefore, he may not revive the claim on appeal.

The remaining arguments concern mistakes allegedly made by Plaintiff's counsel below. Plaintiff did not object to any of those acts at trial and so has waived them. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1140 (9th Cir.2002). In any event, in this civil case Plaintiff is bound by the alleged errors and omissions of his own counsel. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Plaintiff has no right to counsel in this § 1983 action; thus, he has no right to effective counsel. *Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam).[1]

AFFIRMED.

---

1. We note, however, that the verdict in Plaintiff's favor seems evidence enough that in fact he had effective counsel despite his complaints.