**Michael W. DUGGAN, Plaintiff— Appellant,**

v.

**Jo Anne BARNHART, Commissioner of the Social Security Administration, Defendant—Appellee.**

No. 02–15773.

D.C. No. CV–00–02283–LKK.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided June 3, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before HAWKINS and W. FLETCHER, Circuit Judges, and BREYER,** District Judge.

MEMORANDUM ***

Michael W. Duggan appeals pro se the district court's judgment affirming the denial of his application for disability insurance benefits and supplemental security income under the Social Security Act. Duggan claims disability based on a combination of mental health problems and physical problems with his back stemming from a motorcycle accident in 1981. The administrative law judge ("ALJ") found that Duggan did not have an impairment or combination of impairments rendering him disabled, and that he maintained the residual functional capacity to perform work in the competitive national market. While his appeal was pending, Duggan submitted another application for benefits, which was successful. Therefore, this appeal concerns only the retroactive award of benefits over a closed period.

■ Duggan complained of back pain and back spasms stemming from a motorcycle accident and spinal fusion surgery in 1981, and he complained of depression. No evidence in the medical record suggests that Duggan's back injury rendered him physically incapable of performing all types of work. Moreover, the ALJ did not improperly discredit Duggan's subjective complaints of back pain. An ALJ must provide specific, clear, and convincing reasons for discrediting a claimant's testimony concerning his symptoms. *Osenbrock v. Apfel,* 240 F.3d 1157, 1165 (9th Cir. 2001); *Bunnell v. Sullivan,* 947 F.2d 341, 346–47 (9th Cir.1991) (en banc). The ALJ in this case did so by identifying six specific reasons to discount some of Duggan's testimony regarding his back pain. Those reasons included evidence of Duggan's daily activities and the absence of complaints of back pain in the medical record between 1995 and 1998. Because the ALJ made specific findings, supported by the record, that explain his rationale for disbelieving some of Duggan's subjective complaints, there was nothing improper in his decision not to include all of Duggan's subjective complaints in the hypothetical posed to the vocational expert. *Light v. Soc. Sec. Admin.,* 119 F.3d 789, 793 (9th Cir.1997).

■ Some conflict exists in the medical evidence concerning Duggan's mental impairment, but the ALJ has the responsibility for resolving conflicts in the medical testimony. *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir.1989). The ALJ properly exercised this responsibility when he relied on the report of a psychiatrist who treated Duggan on several occasions in 1998, as opposed to the report of Dr.

** The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Whitten, who evaluated Duggan on only one occasion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). We hold that the ALJ's determination that Duggan's physical and mental impairments did not prevent him from performing work was supported by substantial evidence in the record before the ALJ.

Duggan seeks a remand in order to allow the ALJ to consider his successful third application for disability. A remand to evaluate new evidence is warranted when the new evidence is material and the claimant has good cause for failing to produce the evidence earlier. 42 U.S.C. § 405(g); *Mayes v. Massanari*, 276 F.3d 453 (9th Cir.2001). The district court found that the parties had not raised the issue of Duggan's successful application, and thus it was in no position to weigh the significance of the award. Even assuming that the issue is properly before us, Duggan has not shown good cause for failing to present earlier the medical evidence relied on in his third application. "A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied." *Mayes*, 276 F.3d at 463. Duggan has provided no reason that justifies his failure to obtain the medical evidence more favorable to his claim sooner. Therefore, we deny his request for a remand to consider the new evidence.

Duggan also argues that his lawyer provided ineffective assistance of counsel in the district court by failing to bring the new evidence to the court's attention and by failing to object to the magistrate judge's findings and recommendation. Duggan had no right to counsel in the district court. Therefore, his claim of inef-

---

*\* This panel unanimously finds this case suitable for decision without oral argument. See*

fective assistance is unavailing. *Cf. Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir.1985).

AFFIRMED.