Andre Brigham YOUNG,
Plaintiff—Appellant,

and

Roger A Bishop, et al., Plaintiffs,

v.

KING COUNTY, et al., Defendants—
Appellees.

No. 02–35181.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2003.*

Decided July 17, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). The panel has considered the extensive briefing by Young himself, his court-appointed counsel, and the State of Washington. In view of the briefing, no oral argument is necessary.

Before: B. FLETCHER, BRUNETTI, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Appellant Andre Young ("Young") has been civilly committed under Washington's Sexually Violent Predator ("SVP") statute since his criminal sentence expired in 1990. Young appeals the district court's grant of summary judgment in favor of the defendants regarding his civil complaint, which alleged his rights were violated under 42

U.S.C. § 1983, the Eighth Amendment, and the Fourteenth Amendment because of his temporary detention in the King County Correctional Facility ("KCCF") during his civil commitment hearings and reviews.

On May 10, 2002, Young filed pro se an informal brief, apparently claiming ineffective assistance of counsel and lack of jurisdiction to detain him under Washington's SVP statute. The defendants believed that Young had also raised an Eighth Amendment issue, a challenge to the detention as King County policy, and an appeal regarding dismissal of Young's state claims. On August 7, 2002, appointed counsel filed a new brief for Young, claiming King County had violated Young's due process and equal protection rights and arguing that the statute of limitations did not bar Young's claims. We affirm the district court's grant of summary judgment on each issue.

■ We review a grant of summary judgment de novo. *Vigliotto v. Terry,* 873 F.2d 1201, 1202 (9th Cir.1989). "Generally, a plaintiff in a civil case has no right to effective assistance of counsel." *Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir.1985). Therefore, summary judgment on Young's ineffective assistance claim regarding his civil complaint was appropriate.

RCW 71.09.060 provides that "during all court proceedings the person shall be detained in a secure facility," which does not include any state mental facility or regional habilitation center, because these places are not secure within the meaning of the statute. Wash. Rev.Code Ann. § 71.09.060(3) (West 2003). King County had authority pursuant to RCW 71.09.060

---

to confine Young in a "secure facility." Therefore, we affirm the district court.

■ Young's claims are properly brought under the Due Process Clause of the Fourteenth Amendment, not under the Eighth Amendment, as Young was civilly committed under Washington's SVP act. *See Youngberg v. Romeo,* 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982) (the Supreme Court analyzed the rights of an involuntarily confined individual under the Due Process Clause, rather than under the Eighth Amendment). The district court did not err in granting summary judgment on Young's Eighth Amendment claim.

■ In a § 1983 case, the plaintiff must allege some facts showing that the defendants had some control or influence over the person or entity that took the challenged action against the plaintiff. *Arnold v. Int'l. Business Machines Corp.,* 637 F.2d 1350, 1356–57 (9th Cir.1981). Since Young was transported pursuant to a court order and he has failed to show King County controlled or influenced the courts, his detentions at KCCF are not attributable to King County policy. Summary judgment is appropriate for these claims.

The Washington State Constitution is interpreted like the federal constitution, absent a showing otherwise by the parties, so the district court properly granted summary judgment in favor of the defendants regarding the state law claims. *See State v. Gunwall,* 106 Wash.2d 54, 720 P.2d 808, 812–13 (Wash.1986).

■ "Constitutional issues are reviewed de novo." *Valeria v. Davis,* 307 F.3d 1036, 1038 (9th Cir.2002) (citations omitted). An equal protection analysis turns on whether the government has used impermissible criteria to classify individuals. *Id.* at 1039. A statute may survive if it has a rational basis related to a legitimate government interest. *Id.* Equal protection does not allow pretrial detainees to be *unjustifiably*

held in conditions worse than those under which convicted prisoners are held. *Strandberg v. City of Helena,* 791 F.2d 744, 748 (9th Cir.1986) (internal citations omitted). King County uses several objective factors to classify all those held in its custody. This ensures optimal safety for all detainees. The government has a legitimate interest in protecting those in its custody, and its classification system provides a rational method for doing so. Young failed to produce any evidence that he was unjustifiably treated worse than other civil detainees. We affirm summary judgment on Young's equal protection claim.

To determine if a substantive due process right has been violated, the courts balance the individual's liberty against "the demands of an organized society." *Youngberg,* 457 U.S. at 320, 102 S.Ct. 2452 (citations and internal quotation marks omitted). Due process at least requires some rational relationship between the nature and duration of confinement and the purpose. *Lynch v. Baxley,* 744 F.2d 1452, 1460 (11th Cir.1984). The Supreme Court has held that "postcommitment interests cognizable as liberty interests under the Due Process Clause of the Fourteenth Amendment" include adequate food, shelter, clothing, medical care, safety, and, in some instances, training. *Youngberg,* 457 U.S. at 324, 102 S.Ct. 2452.

■ Young claims that his due process rights were violated because his detention at KCCF was per se punishment and that King County has failed to adequately explain their classification system. Under the *Youngberg* balancing test, there is no per se violation of Young's rights just because he was housed at KCCF. Young does not identify what rights are infringed by the classification system, but claimed in his informal brief that he was deprived of fresh air and exercise and that he could

not access a typewriter or legal library while temporarily confined at KCCF. He also complained that he was photographed and fingerprinted at KCCF. However, Young has not established that these rights are protected interests under the Due Process Clause. Balancing Young's rights against those of the government in protecting the safety of detainees, we find that the district court properly granted summary judgment on Young's due process claims.

■ Finally, the district court found that most of the alleged violations were time-barred under the applicable three-year statute of limitations. Young claims that the violations were continuous, so that only one of the violations must be within the three year period. "Under federal law, 'a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Knox v. Davis,* 260 F.3d 1009, 1013 (9th Cir.2001) (quoting *TwoRivers v. Lewis,* 174 F.3d 987, 992 (9th Cir.1999)). If no system or practice of discrimination is alleged, the plaintiff must show that "the alleged discriminatory acts are related closely enough to constitute a continuing violation." *Id.* at 1013 (citation and internal quotation marks omitted). A continuing impact from previous violations does not fall within the continuing violation exception. *Id.* Young has not presented any evidence that King County had a discriminatory policy or that the complained of detentions are so closely related that they constitute a continuing violation. Young was sporadically housed at KCCF January 24, 1991 to May 26, 1998. Except for May 26, 1998, the detentions occurred more than three years before Young filed his complaint. Therefore,

those would be time-barred. As discussed previously, Young failed to state a claim for the final detention on May 26, 1998. The district court is affirmed.

AFFIRMED.

---

* The Honorable Donald Pogue, U.S. Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.