Shirley K. YAHRAES, Plaintiff— Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.

No. 03–35131.

D.C. No. CV–01–00548–MHW.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 30, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Shirley K. Yahraes appeals *pro se* the district court's decision affirming the Commissioner of Social Security's final decision denying Yahraes's application for Title XVI Supplemental Security Income ("SSI") disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

I

We review *de novo* the district court's judgment affirming a denial of social security benefits. *Moore v. Commissioner of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir.2002). We may set aside a denial of disability benefits when an Administrative Law Judge's ("ALJ") findings are not supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999). In addition, even though findings might be supported by substantial evidence, the correct legal

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*** This disposition is not appropriate for publication and may not be cited to or by the

standard must be applied in making a determination of disability. *See Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir.1968).

## II

Yahraes alleged that she was unable to work due to arthritis in both hands, severe neck and head pain, knee pain and heart problems. The ALJ determined that Yahraes had severe impairments, but that she retained the residual functional capacity to perform work-related activities except for work involving prolonged bending or stooping or frequent bilateral thumb movements. The ALJ found that Yahraes's past relevant work as an informal waitress did not require the performance of work-related activities precluded by her residual functional capacity, and that Yahraes could perform her past relevant work. On that basis, the ALJ concluded that Yahraes was not statutorily disabled.

## III

## A

■ Yahraes contends that her former counsel did not effectively represent her before the district court. This claim fails. Plaintiffs in a civil case generally have no constitutional right to effective assistance of counsel. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir.1985).

## B

■ Yahraes argues that the Commissioner's decision is not supported by substantial evidence and contains legal error. We disagree. Medical evidence established that Yahraes has a history of severe impairments, but that she did not have an impairment that meets or equals an impairment on the Listing of Impairments set forth in 20 C.F.R. pt. 404, subpt. P, app. 1. 20 C.F.R. § 404.1520(d) (requiring that a claimant's impairment meet or equal a listed impairment). Evidence showed that Yahraes retained the residual functional capacity to perform work-related activities except for activities involving prolonged bending or stooping or work involving bilateral thumb movements. 20 C.F.R. § 404.1520(e) (stating that a claimant's residual functional capacity will be reviewed). The ALJ did not err in concluding that Yahraes was not disabled because her impairments did not prevent her from performing her past relevant work as an informal waitress. *Id.* (stating that a claimant's impairment must prevent the claimant from doing past relevant work).

## C

Yahraes contends that the ALJ misapplied Title XVI of the Social Security Act when the ALJ determined that Yahraes was not disabled. We disagree. The ALJ properly followed the five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520; *Tackett*, 180 F.3d at 1098–99.

## D

■ Yahraes argues that the ALJ used the wrong timeframes for determining her disability. We are not persuaded. Yahraes has made several separate filings for social security benefits over the years. The issue of Yahraes's disability for the periods covered by Yahraes's previous filings was addressed by previous judges. The ALJ properly concluded that considerations of res judicata, collateral estoppel and administrative finality preclude further review of previous claims of disability that were denied by final and binding decisions. *See* 20 C.F.R. 404.957(c)(1).

## E

Yahraes contends that she was not given a physical examination pursuant to 20 C.F.R. §§ 404.1520(e) and 416.920(e). Neither regulation requires that a claimant be given a physical examination.

F

Yahraes asserts that she was denied SSI benefits due to her spouse's income and not her disability. We disagree. Yahraes received an informal decision on May 24, 1999 that she was ineligible for SSI based on income. This was not a final decision. The ALJ issued a decision on July 28, 2000 finding Yahraes not disabled, and therefore ineligible for SSI. The ALJ's decision became the final decision of the Commissioner of Social Security on September 21, 2001 when the Appeals Council declined to review the ALJ's decision. 20 C.F.R. §§ 404.981, 416.1481. Yahraes was denied disability benefits because of the Commissioner's final decision that Yahraes was not disabled, not because of any decision based on Yahraes's income.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.