**Liysa NORTHON, Plaintiffs—Appellants,**

v.

**Ann RULE, an individual; et al., Defendants—Appellees.**

No. 07–35319.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Memorandum Withdrawn June 7, 2010.

ed by 9th Cir. R. 36–3.

L.E. Ashcroft, Esq., Ashcroft Wiles Ammann LLP, Salem, OR, David B. Wiles, Esq., Ashcroft Wiles Ammann LLP, Portland, OR, for Plaintiffs–Appellants.

Duane A. Bosworth, III, Esq., Davis Wright Tremaine, LLP, Portland, OR, for Defendants–Appellees.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Liysa Northon appeals pro se from the district court's order granting defendants' special motion to strike under Oregon's anti-SLAPP statute, Or.Rev.Stat. § 31.150. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Gardner v. Martino*, 563 F.3d 981, 986 (9th Cir.2009), and we affirm.

The district court did not err in granting defendants' special motion because Northon failed to meet her burden of establishing that there was a probability that she would prevail on her claims. *See id.* at 986 (explaining that plaintiff has burden to "establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case").

Specifically, Northon failed to show how any statements made in defendants' book may have been defamatory. *See id.* at 989 (affirming dismissal of defamation claim because, inter alia, plaintiff failed to present substantial evidence to support a prima facie case).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Northon's contention that the magistrate judge was impermissibly biased against her is unavailing because she never filed a recusal motion pursuant to 28 U.S.C. § 144. *See United States v. Castro,* 887 F.2d 988, 1000 (9th Cir.1989).

Northon's contention regarding ineffective assistance of counsel before the district court is unavailing because a plaintiff has no constitutional right to effective assistance of counsel in a civil action. *See Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam).

We do not consider issues Northon has raised for the first time on appeal. *See Turnacliff v. Westly,* 546 F.3d 1113, 1120 (9th Cir.2008) (declining to consider a new issue on appeal)

Northon's remaining contentions lack merit.

**AFFIRMED.**