FILED

**NOT FOR PUBLICATION**

JAN 18 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIYSA NORTHON; WAYLAND DEWITT; JON "TOR" DEWITT, <br><br> Plaintiff - Appellants, <br><br> v. <br><br> ANN RULE, an individual; FREE PRESS, a division of Simon & Schuster, Inc.; SIMON & SCHUSTER, INC., a Delaware corporation, <br><br> Defendant - Appellees. | No. 07-35319 <br><br> D.C. No. CV-06-00851-MO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted October 7, 2010[**]
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges

Liysa Northon and other members of her family appeal from the district court's order granting Defendants' special motion to strike under Oregon's anti-Strategic Lawsuit Against Public Participation ("anti-SLAPP") law, Or. Rev. Stat. § 31.150. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Gardner v. Martino*, 563 F.3d 981, 986 (9th Cir. 2009), and we affirm.[1]

The district court properly granted Defendants' special motion because Plaintiffs failed to meet their burden of establishing that there was a probability that they would prevail on their claims. *See id*. (explaining that the plaintiff has the burden to "establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case"). Specifically, Plaintiffs failed to show how any statements made in the book might have been defamatory. *See id*. at 989 (affirming dismissal of defamation claim because, *inter alia*, plaintiff failed to present substantial evidence to support a prima facie case). During the hearing, Plaintiffs offered a generalized argument that the entire book was defamatory and did not provide any citations for false statements. The court properly determined that in evaluating whether Plaintiffs

---

[1] In an order filed simultaneously with this memorandum, we also grant Defendants-Appellees' motion for an award of attorneys' fees.

have actionable claims for defamation under Oregon law, it must look at each challenged statement, rather than the book as a whole. *See Reesman v. Highfill*, 327 Or. 597, 604-05 (1998).

Plaintiffs cannot succeed on their claim that the magistrate judge was biased against them because they did not file a "timely and sufficient" motion for recusal under 28 U.S.C. § 144. *See United States v. Castro*, 887 F. 2d 988, 1000 (9th Cir. 1989). The ineffective assistance of counsel claim fails because a plaintiff does not have a constitutional right to counsel in a civil action. *See Nicholson v. Rushen*, 767 F. 2d 1426, 1427 (9th Cir. 1985) (per curiam). We decline to consider the other issues raised on appeal because they were not raised before the district court. *See Turnacliff v. Westly,* 546 F. 3d 1113, 1120 (9th Cir. 2008).

**AFFIRMED.**