**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEVIN HAYES,

   Plaintiff - Appellant,

 v.

WAL-MART STORES, INC., DBA Wal-Mart D.C. # 6037, AKA Wal-Mart Stores East L.P.,

   Defendant - Appellee.

No. 12-35240

D.C. No. 3:09-cv-00047-HA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted December 17, 2013[**]

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

 Kevin Hayes appeals pro se from the district court's judgment dismissing his

employment action. We have jurisdiction under 28 U.S.C. § 1291. We review for

an abuse of discretion a dismissal for failure to prosecute, *Al-Torki v. Kaempen*, 78

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1381, 1384 (9th Cir. 1996), and we affirm.

The district court did not abuse its discretion by dismissing Hayes's action with prejudice for failure to prosecute in light of Hayes's unreadiness for trial after the court previously granted Hayes three continuances and warned him that his action would be dismissed with prejudice if he was not ready to go to trial. *See id.* at 1384-85 (discussing factors to guide the court's decision whether to dismiss for failure to prosecute, and noting that if a trial does not proceed, it likely interferes with the court's docket and prejudices an adversary).

The district court did not abuse its discretion by denying Hayes's motion to vacate the judgment because Hayes failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and factors for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

Because we affirm the district court's dismissal for failure to prosecute, we do not consider Hayes's challenges to the district court's interlocutory orders. *See Al-Torki*, 78 F.3d at 1386 (after dismissal for failure to prosecute, interlocutory orders are not appealable regardless of whether the failure to prosecute was purposeful).

We reject Hayes's contentions that the district judge was biased and that

Hayes received inadequate assistance from his former pro bono counsel. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (per curiam) (adverse rulings alone are insufficient to demonstrate bias); *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam) (plaintiffs in civil cases generally have no right to effective assistance of counsel).

Hayes's motions for reconsideration of this court's order allowing defendant one additional day to file its answering brief and for affirmative relief, filed on October 11, 2013, are denied.

Hayes's motion for reconsideration of this court's order referring his motions to the merits panel, filed on November 6, 2013, is denied.

Hayes's motion to address and correct information, filed on November 6, 2013, is granted.

**AFFIRMED.**