FILED

AUG 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARNELL DUKES,

          Plaintiff - Appellant,

  v.

TIM STRICKLIN, Correctional Sergeant;
MICHELLE BLAKEE, Correctional
Officer; DARIN CLEGG, Correctional
Officer,

          Defendants - Appellees.

No. 13-55025

D.C. No. 3:09-cv-01463-MMA-
WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted August 12, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

California state prisoner Darnell Dukes appeals pro se from the district

court's judgment following a jury verdict in favor of correctional facility Sergeant

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tim Stricklin and Officers Michelle Blakee and Darin Clegg, and a directed verdict in favor of Officer Bruce Jones. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not err in entering judgment in favor of Jones. No evidence or witness testimony indicates that Jones was in any way involved in the incident, aside from Dukes's own testimony about the fistfight during which he admits he could not see. Evidence suggesting that Jones was in the vicinity is insufficient to draw "reasonable inferences" of his involvement. *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1136 (9th Cir. 2009). Because Dukes's claim of excessive use of force against Jones is "based solely on speculation," the district court committed no error by entering judgment in favor of Jones.[1] *Id.*

Dukes claims that he is entitled to a new trial because defense counsel referred to him as a "serious violent offender[]," mentioned his felony convictions, and questioned him about his rules violation record for indecent exposure is unavailing. Dukes's attorneys had already made disclosures of his criminal history and status in their opening statement, which likely explains why they did not object

---

[1] Dukes's related claim that he was prejudiced by the fact that, after the court granted a directed verdict in favor of Jones, Jones remained seated next to counsel "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal quotation marks omitted).

to defense counsel's statements. Given this disclosure by Dukes's own counsel, the asserted errors were not "highly prejudicial," nor did they affect Dukes's "substantial rights." *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1015–16 (9th Cir. 1999). As for the indecent exposure report, defense counsel asked about it only after Dukes denied that his time in administrative segregation had been extended due to a rules violation. Such character evidence is admissible on cross examination so long it is "probative of the character for truthfulness or untruthfulness" of the witness, as explained in the district court's *in limine* order. Fed. R. Evid. 608(b). Nonetheless, the district court sustained Dukes's counsel's objection to the question and instructed the jury to disregard both the question and answer, thus curing any possible prejudice. *See Doe v. Glanzer*, 232 F.3d 1258, 1270 (9th Cir. 2000) (noting the "strong presumption that the curative instructions given by the district court were followed by the jury").

The district court did not abuse its discretion by ordering Dukes to wear leg restraints during trial. Given Dukes's conviction history and his "violent encounters with inmates and correctional staff," the court was "persuaded by compelling circumstances that some measure was needed to maintain the security of the courtroom." *Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994) (internal quotation marks omitted); *Duckett v. Godinez*, 67 F.3d 734, 749 (9th Cir. 1995)

(stating that "[a] defendant's status as a convicted felon," coupled with evidence of violent or defiant behavior while incarcerated, may justify restraints at trial). The court also "weigh[ed] the benefits and burdens of shackling against other possible alternatives." *Spain v. Rushen*, 883 F.2d 712, 721 (9th Cir. 1989). Also, the instructions to the jury on this point, which favored Dukes, mitigated any claimed prejudice. *See Glanzer*, 232 F.3d at 1270.

Dukes's assertion that he is entitled to a new trial because of ineffective assistance of counsel is no more availing. "Generally, a plaintiff in a civil case has no right to effective assistance of counsel," and Dukes provides no basis to rebut this presumption. *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985).

We lack jurisdiction to consider Dukes's claim that Stricklin committed perjury because Dukes failed to file a supplemental or amended notice of appeal of the order denying relief from judgment pertaining to that claim. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

**AFFIRMED.**