**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



FEB 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON LACEY,

　　　　　Plaintiff - Appellant,

　v.

B. HAMKAR; et al.,

　　　　　Defendants - Appellees.

No. 14-15470

D.C. No. 2:10-cv-01695-CMK

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding[**]

Submitted February 17, 2015[***]

Before:　　O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

　　Jason Lacey, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

---

　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　The parties consented to proceed before a magistrate judge. *See* 28
U.S.C. § 636(c).

　　[***]　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for defendants because Lacey failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his pain and respiratory condition. *See id.* at 1057-60 (deliberate indifference is a high legal standard, and is met only if the prison official knows of and disregards an excessive risk to the prisoner's health); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (to establish that a difference of medical opinion amounted to deliberate indifference, a prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health").

We reject Lacey's contentions concerning ineffective assistance of counsel. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam) ("Generally, a plaintiff in a civil case has no right to effective assistance of counsel.").

**AFFIRMED.**