**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| PAMELA K. HOWES, | No. 13-36159 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-00085-JPH |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding

Submitted February 13, 2017**

Before:     PREGERSON, LEAVY, and OWENS, Circuit Judges.

Pamela K. Howes appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of Howes's application for supplemental

security income under Title XVI of the Social Security Act.  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The administrative law judge (ALJ) identified specific, clear, and convincing reasons for discounting Howes's credibility regarding the debilitating effects of her symptoms. The ALJ noted that (1) Howes's conditions responded favorably to minimal and conservative treatment; (2) there were unexplained gaps in Howes's treatment for her conditions; (3) several treatment providers noted that Howes gave "poor effort" during medical examinations; (4) there were inconsistencies between Howes's reporting of her limitations and her daily activities; and (5) Howes had a sporadic work history prior to her alleged onset date. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (stating that proper considerations for credibility assessment include an inadequately explained failure to seek treatment, and engagement in activities of daily living inconsistent with the alleged symptoms); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (explaining that evidence of a claimant's favorable response to minimal and conservative treatment undermines credibility); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (finding that a claimant's "spotty" work history and failure to give maximum effort during physical evaluations supported adverse credibility determination).

The ALJ's determination at step two in the sequential evaluation process is supported by substantial evidence. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999). The record medical evidence failed to support a determination that Howes's hand pain, carpal tunnel syndrome, plantar fascitis, and bowel issues qualified as severe impairments. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) ("[W]e must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments.").

The ALJ included in the residual functional capacity (RFC) assessment all of the limitations that were supported by substantial record evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Even if the ALJ erred in rejecting Howes's treating physician's opinion that Howes was limited to sedentary work, any such error was harmless because the ALJ based the ultimate non-disability determination on the availability of light work with limitations, and, alternately, sedentary work that Howes could perform in the national economy. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054-55 (9th Cir. 2012) (finding error was not harmful where the claimant showed no actual prejudice).

Because the functional limitations identified by the ALJ in the RFC were supported by the medical evidence, there was no harmful error at step five of the

3

sequential evaluation process.  *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (explaining that the limitations included in the hypothetical propounded to a vocational expert need only be supported by substantial record evidence).

Finally, to the extent that Howes contends that her attorney failed to provide effective assistance before the agency and the district court, the right of effective assistance of counsel does not apply in this civil proceeding.  *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985).

**AFFIRMED.**