NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALDEN LAMONT MOORE, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> C. HAMMOND; et al., <br><br> Defendants-Appellees. | No. 15-56027 <br><br> D.C. No. 3:13-cv-00347-JAH-BLM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Alden Lamont Moore, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging a

violation of his rights under Title II of the Americans with Disabilities Act

("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo,

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Moore's claim for monetary damages because Moore failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his disability. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (claims for monetary relief under Title II of the ADA require the plaintiff to establish intentional discrimination based on deliberate indifference, namely, "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that . . . likelihood").

Moore has waived his right to appeal the district court's summary judgment on his claim for injunctive relief. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1108 (9th Cir. 2001) ("A stipulation . . . is tantamount to a waiver of an issue for appeal.") (citation and internal quotation marks omitted).

We reject as meritless Moore's contentions concerning ineffective assistance of counsel. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) ("Generally, a plaintiff in a civil case has no right to effective assistance of counsel.").

Moore's motion regarding his personal property (Docket Entry No. 28) is denied.

**AFFIRMED.**