**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICKY BELMONTE PAUGH, | No. 17-55262 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01800-H-KSC |
| v. | |
| ANTHONY FLORES, R.N., in his individual capacity and L. GONZALES, c/o, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted June 10, 2019**

Before:     WALLACE, FARRIS, and TROTT, Circuit Judges

Ricky Belmonte Paugh, a California state prisoner, appeals pro se from the

district court's judgment following a jury verdict in his 42 U.S.C. § 1983 action

alleging deliberate indifference to serious medical needs.  We have jurisdiction

under 28 U.S.C. § 1291.  We review for an abuse of discretion.  *Lam v. City of San*

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Jose*, 869 F.3d 1077, 1085 (9th Cir. 2017) (formulation of jury instructions);

*Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008) (evidentiary

rulings); *Price v. Kramer*, 200 F.3d 1237, 1252 (9th Cir. 2000) (trial supervision);

*Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1991) (writ of

habeas corpus ad testificandum). We affirm.

The district court did not abuse its discretion by denying Paugh's writs of

habeas corpus ad testifcandum because the district court properly determined that

the effort and resources to produce the witnesses was not justified by their

proposed testimony. *See Wiggins v. County of Alameda*, 717 F.2d at 468 n.1

(standard of review).

The district court did not abuse its discretion by allowing limited testimony

regarding Paugh's criminal history because this evidence was admissible, in its

own right, under Federal Rule of Evidence 609(a)(1)(A). Contrary to Paugh's

contentions, the district court was not required to allow evidence of the defendants'

litigation or employment history as a condition of introducing Paugh's criminal

history. *See Harper*, 533 F.3d at 1030 (standard of review).

We reject as without merit Paugh's contentions that his appointed counsel

was ineffective, either in failing to maintain his witness list, or in failing to object

to the court's final jury instructions. *See Nicholson v. Rushen*, 767 F.2d 1426,

1427 (9th Cir. 1985) (plaintiff in a civil case has no right to effective assistance of

counsel).

We reject as without merit Paugh's contention that he received untimely notice of changes to jury instructions. *See* Fed. R. Civ. Proc. 5(b)(1) (service of pleadings must be made on a party's attorney unless the court orders service on the party).

We reject as undeveloped Paugh's contentions (1) that the district court did not allow his counsel to have sidebar conferences; and (2) that his mother was not allowed to testify. *See Ind. Towers of Washington v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (bare assertion of an issue does not preserve a claim; "We require contentions to be accompanied by reasons.").

**AFFIRMED.**

17-55262