**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD J. GLAIR, | No.   19-55270 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-00093-FFM |
| v. | |
| CITY OF SANTA MONICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | AND ORDER |

Appeal from the United States District Court
for the Central District of California
Frederick F. Mumm, Magistrate Judge, Presiding

Submitted September 8, 2020[**]

Before: GRABER, BYBEE, and N. R. SMITH, Circuit Judges.

Plaintiff Richard Glair appeals pro se the district court's order dismissing his

Federal Rule of Civil Procedure 59 motion for a new trial or, in the alternative, to

alter or amend the judgment, against Santa Monica police officer Brent Wilkening.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Glair alleges that Wilkening's warrantless search of his person, which arose from a traffic stop and citation for riding a bicycle on the sidewalk, violated his First and Fourth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion a ruling on a Rule 59(a) motion for a new trial. *Flores v. City of Westminster*, 873 F.3d 739, 755–56 (9th Cir. 2017). A district court's decision on a Rule 59(e) motion to alter or amend a judgment also is reviewed for abuse of discretion. *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003).

A warrantless search for weapons is permissible under the Fourth Amendment if, under all the circumstances known to the officer, the officer has a reasonable suspicion that the person is armed and presently dangerous to the officer or to others. *Terry v. Ohio*, 392 U.S. 1, 24, 27 (1968). "The purpose of this limited search is . . . to allow the officer to pursue his investigation without fear of violence . . . ." *Adams v. Williams*, 407 U.S. 143, 146 (1972). The scope of the search "must be strictly 'limited to that which is necessary for the discovery of weapons which might be used to harm the officer or others nearby.'" *Minnesota v. Dickerson*, 508 U.S. 366, 373 (1993) (quoting *Terry*, 392 U.S. at 26).

The jury may consider the totality of the circumstances in considering the propriety of a stop. *Thomas v. Dillard*, 818 F.3d 864, 876–77 (9th Cir. 2016). And an officer may draw on his or her "own experience and specialized training to make inferences from and deductions about the cumulative information available." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citing *United States v. Cortez*, 449 U.S. 411, 418 (1981)). The jury was so instructed, in accordance with Ninth Circuit law.

The district court properly denied Glair's Rule 59 motion. The court did not abuse its discretion in ruling that evidence supported the verdict on Glair's Fourth Amendment claim. Wilkening suspected Glair to be armed based on the totality of circumstances, including: excessive agitation in response to being stopped; refusal to comply with orders; erratic hand motions; continuous movement of hands in and out of pockets; and the known criminal activity in the area. Wilkening testified at length to these facts, explained that he had acted in accordance with his specialized training, and documented the same circumstances contemporaneously in the citation. The jury was entitled to find Wilkening more credible than Glair, as the district court observed. *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2010) (per curiam); *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam).

Nor did the court abuse its discretion in ruling that evidence supported the verdict on Glair's First Amendment claim. Wilkening's aforementioned rationale for the search, his testimony that he could not hear Glair's words clearly, and his credibility on the stand all point to a lawful search, as opposed to one performed in retaliation for Glair's protected speech.

The court did not abuse its discretion in denying a new trial based on its appointment of counsel, or as a result of appointed counsel's alleged mistakes. The district court did not order Glair to accept counsel, Glair made no objection to counsel, and the record does not reflect any conflict between the two. Even if Glair were entitled to a certain standard of representation in a civil trial, *Nicholson*, 767 F.2d at 1427, he fails to persuasively argue that any of counsel's purported mistakes prejudiced him in any meaningful way.

We afford broad discretion to a district court's evidentiary rulings. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). Here, the court properly admitted evidence of Wilkening's training at trial, as it went to the manner in which his specialized training informed his decision to conduct the pat down, and cannot be said to have tainted the verdict.

Finally, Glair offers up cases with statistics regarding the population in Santa Monica and pat-down searches in other jurisdictions. Those numbers are

irrelevant to the legality of the search in question. We deny his requests for judicial notice of the crime statistics report and Police Standards Training Guide.

**AFFIRMED.**