**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DWAYNE RUSSELL CONYERS, | No.    20-55143 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00127-LAB-AHG |
| v. | |
| MICHAEL RODDY, Corporal, Deputy Sheriff (#0904); DOES, 1-10, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| RODRIGUEZ, Corporal, San Diego Sheriff's Dept.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Submitted November 25, 2020[**]
San Francisco, California

Before:  O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Conyers appeals from the district court's grant of summary judgment in favor of Corporal Michael Roddy on Conyers's 42 U.S.C. § 1983 claims. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Conyers's attorney's failure to call attention to the alleged mishandling of the hospital bed sheets evidencing the alleged sexual assault does not suggest an error by the district court in granting summary judgment. "Ineffective assistance of counsel" is not a cognizable basis for appeal in a civil case. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam).

In any event, the district court considered Conyers's arguments that the hospital bed sheets were somehow spoliated, and that one of the sheets was never sent for testing, and properly concluded that they were meritless. The record confirms that both sheets were seized at the hospital, stored by a detective, photographed and processed, and then transferred to the Sherriff's Department's evidence unit, where they were kept until they were sent for forensic testing. The record further confirms that the testing company received both sheets and that the sheets tested negative for semen. Accordingly, the district court properly considered Corporal Roddy's forensic evidence at summary judgment.

## II

The district court did not err in concluding that Conyers's declaration failed to create a genuine factual issue for trial on his sexual assault allegations. "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012). At his deposition, Conyers admitted that he may have reported to others at the hospital that he had been raped. Indeed, there is an audio recording in the record of him making such an accusation. In his declaration, however, Conyers denies making any accusations of rape and states that any witness who says otherwise is lying. On this record, the district court did not err in concluding that Conyers's declaration was a sham, and that it was unavailable to contest the extensive evidence placed in the record by Corporal Roddy indicating that Conyers's allegations of assault were the product of drug-induced hallucination.

## III

Conyers's assertion that his attorney failed to obtain a video recording from the hospital that showed the alleged sexual assault does not suggest an error by the district court. As mentioned above, "ineffective assistance of counsel" is not a cognizable basis for appeal in a civil case. *See Nicholson*, 767 F.2d at 1427.

Moreover, Conyers did not present his argument regarding the availability of purported video recordings of the alleged sexual assault to the district court in the summary judgment briefing. Accordingly, he cannot present it for the first time on appeal. *See Scott v. Ross*, 140 F.3d 1275, 1283 (9th Cir. 1998).

Even if Conyers did not forfeit this argument, there is evidence in the record that no such video recording exists. The declaration of the Clinical Nurse Manager at Tri-City Medical Center indicates that the hospital monitors patient rooms via live video feed, but the footage is never recorded. Accordingly, Conyers's argument on this point is meritless and does not suffice to create a genuine factual issue for trial.[1]

**AFFIRMED.**

---

[1] Because Conyers's appeal raises no issues that warrant further briefing or oral argument, his motion for appointment of counsel is DENIED.