
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY GIRALDES, Jr., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> SCOTT KERNAN,[*] Secretary of the California Department of Corrections, <br><br> Defendant - Appellee. | No. 17-16144 <br><br> D.C. No. 2:14-cv-01780-CKD <br><br><br> MEMORANDUM[**] |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding[***]

Submitted December 18, 2017[****]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

---

[*]    Scott Kernan has been substituted for his predecessor, Jeffrey A. Beard, as Secretary of the California Department of Corrections and Rehabilitation under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636.

[****]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Larry Giraldes, Jr., appeals pro se from the district court's judgment dismissing as moot his claims challenging a California regulation relating to certain prisoners' family overnight visits. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the question whether a case is moot. *Native Vill. of Noatak v. Blatchford*, 38 F.3d 1505, 1509 (9th Cir. 1994). We affirm.

The district court properly dismissed Giraldes's action as moot because the challenged policy is no longer being enforced due to a change in policy arising from a statutory amendment. *See id.* at 1510 ("As a general rule, if a challenged law is repealed or expires, the case becomes moot.").

The district court did not abuse its discretion by denying Giraldes's motion for reconsideration because Giraldes failed to demonstrate any grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing grounds warranting reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

We reject as without merit Giraldes's contention concerning ineffective assistance of counsel. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) ("Generally, a plaintiff in a civil case has no right to effective assistance of counsel.").

**AFFIRMED.**