**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAWRENCE EVERETT WILGUS, | No. 15-15715 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00368-MMD-WGC |
| v. | |
| BRUCE R. BANNISTER; CATHRINE MASTO CORTEZ; DON POAG; JOHNS, Dr.; SCOTT, Dr.; JACK PALMER; E. K. MCDANIELS; JAMES COX; J. BUCHANAN; JOHN PERRY; KAREN GEDNEY; BELLANGER; WATERS; R. HERRERA; REX REED; ROBERT LEGRAND, Warden; STEVE SUWE, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted April 18, 2018[**]
San Francisco, California

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Lawrence Everett Wilgus, a former Nevada state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs and other claims relating to his confinement. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Ford v. City of Yakima*, 706 F.3d 1188, 1192 (9th Cir. 2013). We may affirm on any basis supported by the record, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Wilgus's due process claim regarding his classification and transfer between prisons because Wilgus failed to raise a genuine dispute of material fact as to a protected liberty interest. *See Wilkinson v. Austin*, 545 U.S. 209, 221-23 (2005) (discussing liberty interests under the due process clause); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (state law only creates liberty interests deserving protection under the Fourteenth Amendment's Due Process Clause when prison officials impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). We reject as unsupported by the record Wilgus's contentions that the change in classification was a form of discipline and that it resulted in a longer prison sentence.

The district court properly dismissed Wilgus's excessive force claim because Wilgus failed to identify the John Doe defendant after completing discovery. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (use of John Doe defendant permitted through the close of discovery).

The district court properly granted summary judgment on Wilgus's deliberate indifference claim because Wilgus failed to raise a genuine issue of material fact as to whether defendants were aware of and disregarded an excessive risk to Wilgus's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (elements of deliberate indifference claim).

The district court properly granted summary judgment on Wilgus's claim of supervisory liability because Wilgus failed to raise a genuine dispute of material fact as to whether there was any underlying constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (elements for supervisory liability under § 1983).

The district court did not err by denying Wilgus an opportunity to amend his complaint to add retaliation claims where Wilgus did not request an opportunity to amend and both the amendment and discovery deadlines set in the scheduling order had passed. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 739 (9th Cir. 2013) ("Late amendments to assert new theories are not reviewed

favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."); *cf. DRK Photo v. McGraw–Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 988-89 (9th Cir. 2017) (recognizing good cause standard applicable to requests to amend after the deadline set in the scheduling order has passed).

We reject as meritless Wilgus's contentions concerning ineffective assistance of counsel. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) ("Generally, a plaintiff in a civil case has no right to effective assistance of counsel.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Wilgus's motion to supplement the record (Docket Entry No. 11) is denied.

**AFFIRMED.**