NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REYNALDO LOPEZ, an individual, | No. 17-56325 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-04497-DSF-AJW |
| and | |
| EUNICE DELGADILLO, an individual; et al., | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| DELTA AIR LINES, INC., a Georgia corporation and DOES, 1 through 50, inclusive, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Reynaldo Lopez appeals pro se from the district court's summary judgment in his diversity action alleging age discrimination under the California Fair Employment and Housing Act ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Deppe v. United Airlines*, 217 F.3d 1262, 1264 (9th Cir. 2000). We affirm.

The district court properly granted summary judgment because Lopez failed to raise a genuine dispute of material fact as to whether defendant's non-discriminatory reasons for terminating him were pretextual. *See Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113-14, 1118-19 (Cal. 2000) (setting forth burden-shifting framework for analyzing discrimination claims under the FEHA and noting that summary judgment for the employer is appropriate where, given the strength of the employer's legitimate reasons, countervailing circumstantial evidence is too weak to raise a rational inference of discrimination).

We reject as meritless Lopez's contentions concerning ineffective assistance of counsel. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) ("Generally, a plaintiff in a civil case has no right to effective assistance of counsel.").

We do not consider matters not specifically and distinctly raised and argued

17-56325

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**