NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TYRONE JOHNSON, an individual, | No. 20-55186 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-01054-DMG-GJS |
| v. | |
| COUNTY OF SAN BERNARDINO, a municipal entity; PAUL CASAS, an individual; DOES, 1 through 10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted October 13, 2021**
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Tyrone Johnson appeals from the district court's grant of summary judgment

to the County of San Bernardino and Sheriff's Deputy Paul Casas in this civil-

rights action arising under 42 U.S.C. § 1983. As the facts are known to the parties,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we repeat them only as necessary to explain our decision.

I

The district court did not abuse its discretion in denying Johnson's Motion for Leave to Amend ("MLA"). *Cf. AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (reviewing denial of leave to amend for abuse of discretion).

The MLA, filed almost a year after the amendment cutoff date set by the district court, was indisputably untimely. Thus, Johnson bore the burden of establishing "good cause" for his MLA's untimeliness, Fed. R. Civ. P. 16(b)(4), which in turn required him to show he *could not have* filed a timely MLA despite acting with "diligence," *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Casas and the County offered ample record evidence to show that Johnson was *not* diligent, insofar as he "knew or should have known the facts and theories raised by [his proposed] amendment" long before he filed his MLA. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). For his part, Johnson offered no credible explanation for why he could not have known, well before October 2019, that he had been tased (as he sought to plead in his proposed amended complaint) but never beaten by Casas (as he pleaded in his

original Complaint). As such, the district properly concluded that Johnson failed to show "diligence"—and was therefore not entitled to an untimely amendment of his Complaint. *See Johnson*, 975 F.2d at 609.

## II

The district court did not err in granting Casas and the County's Motion for Summary Judgment ("MSJ").

There is no doubt that the district court properly entered summary judgment for Casas and the County on Johnson's claims *as actually pleaded in his Complaint*. The Complaint premised all of its claims on allegations that Casas pulled Johnson over without probable cause, then beat him with repeated punches, kicks, and strikes with a blunt metal object. Casas and the County presented evidence that such allegations were entirely false, and Johnson conceded their falsity in his own Opposition to the MSJ. Thus, the district court properly declined to credit the Complaint's allegations for purposes of ruling on the MSJ. *See United States v. Various Slot Machines on Guam*, 658 F.2d 697, 701 (9th Cir. 1981) ("[O]n a motion for summary judgment, a court is not compelled to give weight to an allegation that is incontrovertibly demonstrated to be false."). In turn, there was no "genuine issue for trial," and it was proper for the district court to grant summary judgment for Casas and the County on all claims as framed in the Complaint. *Id.*

Johnson is also unavailed by his argument that the district court, when ruling on the MSJ, should have considered allegations *outside* the Complaint—namely, Johnson's allegations, raised in his Opposition to the MSJ, that Casas improvidently and unlawfully tasered him. Where, as here, a plaintiff "fail[s] to allege [a given] theory of liability" in his complaint, he "is barred from proceeding on [such novel] theory . . . . at the summary judgment stage." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). Accordingly, it was proper for the district court to decide the "MSJ solely on the allegations in the Complaint, not on additional facts regarding Tasering beyond the scope of the Complaint."

III

Finally, Johnson argues that he received ineffective assistance of counsel ("IAC") in the district court, and that he is therefore entitled to reversal of the district court's entry of summary judgment. This argument is legally incoherent: As a plaintiff in a civil suit for monetary damages, where his physical liberty is not at stake in the litigation, Johnson *has* no constitutional right to effective assistance of counsel here. *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam). From that, it necessarily follows that he cannot be entitled to reversal—or *any* remedy—on putative IAC grounds.

**AFFIRMED.**

4